IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DAVID E. LONG,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE<br>SYSTEM, INC.,<br>　　　　　Defendant. | CV 09-53-BLG-CSO<br><br>**ORDER** |

As directed, the parties filed statements regarding payment of expenses resulting from the Court's Order granting Plaintiff David E. Long's ("Long") motion to compel. *Order Addressing Mtn. to Compel (Court Doc. 56)* (quoting Rule 37(a)(5)(A)[1]); *see also Court Docs. 59* (FedEx Ground Package System, Inc.'s ("FedEx") statement) *and 61* (Long's statement). Having carefully considered the parties' statements and applicable authority, the Court rules as set forth below.

---

[1] All references to rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

As an initial matter, however, some preliminary observations are appropriate. First, it appears that many of the issues addressed in the motion to compel as filed could have been avoided with better and more timely cooperation from both parties. Plaintiff's discovery requests could have been more clear and more narrowly tailored. Plaintiff's efforts to raise some of the discovery issues could have been more timely. But Defendant's responses often included improper boilerplate objections (*see Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court,* 408 F.3d 1142, 1149 (9th Cir. 2005*)),* or appeared to be the result of insufficient effort at best or games-playing rather than good faith efforts to respond, at worst.

Second, it is important for the parties to reflect upon the reasons for the rules' requirements of genuine, comprehensive efforts to anticipate and to resolve discovery issues between counsel. *See Fed. R. Civ. P. 37(a)(1); Local Rule 26.3(c)(2).* One important reason is that it ultimately saves the parties time and expense. Also, the Court's handling of a fee issue, with the usual attached exhibits including correspondence among counsel, often is as difficult and takes as long as

review of the substantive issues. The Court's time is better spent on substantive legal issues.

Third, the Court believes that the amount of Plaintiff's request was very reasonable. It is likely that Plaintiff counsel's total cost of resolving these issues far exceeded the amount requested, particularly considering that the request did not include the time spent on preparing Plaintiff's 17-page brief on the fee issue. *See Court Doc. 61.* Because of the Defendant's lack of responsiveness in some areas, as well as problems elsewhere discussed herein, it is likely that Defendant's fees and costs were unnecessarily increased as well.

With the above factors in mind, the Court concludes that each party should bear its own fees and costs associated with the motion to compel.

As stated in Court's prior Order, Rule 37(a)(5)(A) provides:

> If the motion [to compel] is granted..., the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

There are three enumerated exceptions to this rule: (1) the movant

filed the motion before making a good faith attempt to obtain the discovery without court action; (2) the opposing party was substantially justified in taking the position it took; or (3) other circumstances make an award of expenses unjust. Rule 37(a)(5)(A)(i)-(iii). FedEx, as the "losing" party, carries the burden of showing that expenses should not be awarded. *PLX, Inc. v. Prosystems, Inc.*, 220 F.R.D. 291, 298 (N.D. W.Va. 2004).

The Court's purpose in directing the parties to file statements on the payment-of-expenses issue was two-fold: (1) to afford them the opportunity to be heard as Rule 37 requires, *Kister v. District of Columbia*, 229 F.R.D. 326, 329 n.2 (D. D.C. 2005) (written submissions satisfy opportunity-to-be-heard requirement); and (2) to illuminate for the Court any facts or circumstances that might inform its analysis of the issue.

As previously noted, the original motion raised six issues. The parties, through negotiation, resolved five of the issues without Court intervention – either because Plaintiff had not been sufficiently clear or narrow in its requests or because Defendant responded only once a

motion to compel was filed, depending on whose brief one reads. In reviewing each party's interpretations of events, however, the Court is not convinced that FedEx's responses were substantially unjustified such that a fee award is just.

With respect to Long's requests numbered in his motion as 1, 2, and 4, FedEx responded that the documents sought were not then in FedEx's possession. As for request number 3, FedEx ultimately produced the document even though Long had not previously properly requested it. And with respect to request number 6, FedEx objected because Long made the request after the discovery deadline. This was a proper objection.

Although the Court granted Long's motion to the extent it related to request number 5, the Court qualified the relief afforded by limiting the documents FedEx must produce only to "those portions of any current Linehaul Contractor Operating Agreement(s), that govern the independent contractors for whom Robert Carrier and Fred Mace work, which require cooperation of any kind with FedEx on the conduct of any legal action." *Court Doc. 56 at 14*. This relief is quite different from

what Long originally sought in his request for production at issue in the motion to compel. *See Court Doc. 56 at 3* (setting forth Long's original request and FedEx's response). Under all the circumstances, the Court concludes that an award of expenses related to this discovery request would be unjust.

For the foregoing reasons, IT IS ORDERED that each party bear its own expenses incurred in connection with the motion to compel.

DATED this 24th day of June, 2011.

/s/ Carolyn S. Ostby  
United States Magistrate Judge